RUTH C. GHENT, PLAINTIFF, v. CLIFFSIDE PARK TITLE GUARANTEE AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, AND FEDERAL DEPOSIT INSURANCE CORPORATION, A BODY CORPORATE CREATED BY AN ACT OF CONGRESS OF THE UNITED STATES OF AMERICA, DEFENDANTS.

SYLVIA R. SHARPE, PLAINTIFF, v. CLIFFSIDE PARK TITLE GUARANTEE AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, AND FEDERAL DEPOSIT INSURANCE CORPORATION, A BODY CORPORATE CREATED BY AN ACT OF CONGRESS OF THE UNITED STATES OF AMERICA, DEFENDANTS.

LESTER H. GHENT, PLAINTIFF, v. CLIFFSIDE PARK TITLE GUARANTEE AND TRUST COMPANY, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, AND FEDERAL DEPOSIT INSURANCE CORPORATION, A BODY CORPORATE CREATED BY AN ACT OF CONGRESS OF THE UNITED STATES OF AMERICA, DEFENDANTS.

Decided May 20, 1938.

For the plaintiffs, *John J. Fallon.*

For the defendant Cliffside Park Title Guarantee and Trust Company, *Thomas S. Doughty.*

For the defendant Federal Deposit Insurance Corporation, *William M. Seufert.*

CAFFREY, C. C. J. Prior to December 24th, 1934, one Rachel E. Ghent was the owner of one certificate of deposit in the sum of $12,500 issued to her by the defendant Cliffside Park Title Guarantee and Trust Company (hereinafter referred to as Bank), said Bank having heretofore been incorporated and doing business under the provisions of the act concerning trust companies, as enacted by the legislature of our state, and having been also duly licensed by the commissioner of banking and insurance of New Jersey to so transact business as a banking institution, in the borough of Cliffside Park, in the county of Bergen.

On the date aforesaid, the certificate of deposit aforementioned, was exchanged by the Bank, for three certificates of deposit, aggregating the said amount—one of these certificates (No. 43) was issued to the plaintiff Lester H. Ghent in the sum of $5,000, another certificate (No. 42) in the sum of $5,000 was issued to the plaintiff Ruth C. Ghent and the third certificate (No. 44) which is in the sum of $2,500 was issued to the plaintiff Sylvia R. Sharpe. The plaintiffs are the son and daughters of the said Rachel E. Ghent—the original holder of the single certificate of deposit in the amount of $12,500 above referred to.

The defendants contended that Rachel E. Ghent was in fact the sole owner of said three certificates, even though they had been issued in the names of her children as aforesaid, and claimed that it was her purpose to establish separate accounts so as to become entitled to be reimbursed by the Federal Deposit Insurance Corporation under the Banking act of 1933, approved by the president on June 16th, 1933 (Public No. 66, 73d Congress) as amended by Public No. 362, approved June 16th, 1934 (73d Congress) by Public Resolution No. 38, approved June 28th, 1934 (74th Congress). The Banking act of 1933 was subsequently amended by the Banking act of 1935, approved August 23d, 1935 (Public No. 305, 74th Congress). Public No. 305 was not in effect at the time of issuance of certificates. 12 *U. S. C. A.* 264.

The Bank ceased to do business on January 3d, 1935, its affairs being taken over by the commissioner of banking and Insurance of New Jersey on that day. The deposits of the Bank, prior to its becoming defunct, had been insured by the Federal Deposit Insurance Corporation (hereinafter referred to as Corporation). The chief function of the Federal Deposit Insurance Corporation is to insure deposits of all banks which are entitled to the benefits of insurance under the law, to the extent of $5,000 for *each* depositor.

A second function of the Corporation is to act as receiver for insured banks which fail. The Corporation may be appointed receiver for closed insured state banks, if such appointment is tendered by the state banking authority and is permitted by state law.

Upon the closing of an insured bank, the Corporation immediately assumes the insured deposit liability of the closed bank and makes available the funds needed to discharge such liability. The claim of each insured depositor is paid upon assignment to the Corporation by the certificate holder of all rights to dividends and recoveries on account, and to the extent of his or her insured deposit.

The three certificates of deposit, held by the respective plaintiffs, have been received in evidence in these present proceedings before this court, and copies thereof are also set forth in the complaints filed in these proceedings.

The affairs of the Bank are in process of liquidation by the commissioner of banking and insurance of New Jersey, pursuant to chapter 255 of the laws of 1931, and under the direction of our Court of Chancery.

The claim of the several plaintiffs was filed with the commissioner aforesaid, also with the Corporation, as insurer of said respective sums represented by the three certificates aforesaid, the plaintiffs also making known to the Corporation that they and each of them would assign to said Corporation (as required by law), their respective rights in their certificates, upon payment of the amounts of their respective insured deposits, as represented by said three separate cer-

tificates. The claims of the said plaintiffs, individually, were rejected and disallowed and the sums alleged to be due to them, not paid. Leave was given by order of the Court of Chancery to institute suit in the New Jersey Supreme Court against the Bank and the commissioner in charge of its liquidation, the Corporation being joined as a defendant by reason of its having insured the deposits made with said Bank by the plaintiffs-depositors.

It was stipulated by counsel that the single issue of fact for the jury to determine in these three cases which are being tried together is whether or not the respective plaintiffs are the sole owners of the deposits represented by the respective certificates of deposit on which they have based their suits, and were they the sole owners on December 24th, 1934, and did they continue so to be to and including January 3d, 1935, and have they continued so to be up to the time of the institution of these suits, and up to this present time? After all the evidence was received, the court directed a verdict on those issues in favor of the respective plaintiffs herein.

It was further stipulated by counsel that all other issues arising out of the controversy should be decided by the court, and a jury trial on these other issues would be waived.

After a careful consideration of the briefs and argument presented by counsel, this court finds as a fact, that the requirements of both the federal and state statutes were met and complied with by the plaintiffs and that the claims of each of said plaintiffs, Ruth C. Ghent, Sylvia R. Sharpe and Lester H. Ghent, is a valid one and that each of them are the *bona fide* holders of the certificates issued to them respectively.

*Postea* may be filed, entering judgment in favor of the plaintiffs—Ruth C. Ghent, in the sum of $5,000 and costs to be taxed; Sylvia R. Sharpe, in the sum of $2,500 and costs to be taxed; and Lester H. Ghent, in the sum of $5,000 and costs to be taxed.